IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| KAMEA HETRICK | ) | |
|     Whispering Woods Drive | | |
|     Macedonia, OH 44056 | ) | |
| | | |
|              Plaintiff, | ) | **C O M P L A I N T** |
| | | |
|     -vs- | ) | Trial by Jury Endorsed Hereon |
| | ) | |
| CITY OF BEDFORD, OHIO | ) | |
|     165 Center Road | | |
|     Bedford, Ohio 44146 | ) | |
| | | |
|     and | ) | |
| | | |
| THOMAS E. DAY, JR., in his | ) | |
| official capacity as Clerk of Court of | | |
| the Bedford Municipal Court and | ) | |
| individually, | | |
|     165 Center Road | ) | |
|     Bedford, OH 44146 | | |
| | ) | |
|     and | ) | |
| | ) | |
| RHYS TUCKER | ) | |
|     165 Center Road | ) | |
|     Bedford, OH  44146, | | |
| | ) | |
|              Defendants. | | |

## NATURE OF THE ACTION

1. This is an action instituted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended (2020 Supp.), the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*, to vindicate state and federally protected rights against unlawful employment practices on the basis of gender and retaliation.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-6(f) (2018 Supp.) (hereinafter referred to as "Title VII"),  pursuant to 28 U.S.C. §§ 1331(A), 1337 and 1343(3) and (4) as well as the Civil Rights Act of 1871, 42 U.S.C. §1983 and supplemental  jurisdiction over asserted state law claims pursuant to 28 U.S.C. § 1367.

3. With respect to gender and retaliation claims under Title VII, jurisdiction arises pursuant to receipt of a Notice of Right to Sue issued on February 21, 2020. The notice accompanies this complaint and is incorporated by reference as Exhibit A.

4. With respect to gender and retaliation claims under Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

5. Venue is proper because the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

6. Plaintiff KAMEA HETRICK ("Hetrick") is a former employee of Defendant City of Bedford, Ohio who sought to perform her duties free from restrictions on account of gender and from retaliation for engaging in a protected activity.

7. Defendant CITY OF BEDFORD, OHIO (hereinafter, "Bedford") is an employer as defined by Title VII and by the Ohio Civil Rights Act and at all relevant times was the employer or, at a minimum, the joint employer of the Plaintiff.

8. Defendant, THOMAS E. DAY JR., is the clerk of court for the Bedford Municipal Court and was one of the supervisors of Plaintiff.

9. Defendant, RHYS TUCKER, was the direct supervisor of Plaintiff and is an employee of Defendant, City of Bedford.

## STATEMENT OF FACTS

10. Plaintiff Kamea Hetrick reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

11. Ms. Hetrick was hired by the City of Bedford in June 2017 to serve as one of the city court's probation officers at the Bedford Municipal Court.

12. Once Ms. Hetrick commenced her employment, the Defendant City of Bedford, Ohio issued her paychecks.

13. Shortly after the commencement of her employment and occurring on a continuing basis, Ms. Hetrick was the focus of intimidation, harassment, gender and other unlawful experiences in a workplace saturated with discriminatory and sex-based misconduct.

14. Ms. Hetrick had been the victim of a serious and life-altering sexual assault prior to the commencement of her employment with the City of Bedford.

15. Male management, including her immediate supervisor, Rhys Tucker, and male co-workers were aware that Ms. Hetrick had been victimized by a sexual assault.

16. Ms. Hetrick's immediate supervisor, Mr. Tucker, consistent with the overtly discriminatory work environment, asked her if she wears panties at work.

17. Mr. Tucker did not pose similar inquires to subordinate male employees of the Defendant City of Bedford.

18. Examples included a relentless series of humiliating remarks and expressions in the workplace directed to Ms. Hetrick such as

    (a) "Do you have a kitchen in the back of your neck"
    (b) "Dispatchers love sleeping with police officers"
    (c) "Do you know how to swim because blacks say their hair gets kinky"
    (d) "Do you have nappy hair"

(e) "When I was in school I used to hang out with black people and I used to say to them 'what's up, my nigga' and they were okay with it."

19. Ms. Hetrick was forced to tolerate an environment of unceasing discrimination for fear that any complaint she might lodge would result in retaliatory actions by the Defendant which could include termination.

20. No male court employees employed by Defendant City of Bedford, Ohio were subjected to similar offensive questions and remarks.

21. Ms. Hetrick endeavored to ignore the discriminatory, race-based and gender-based questions for fear that she would be subjected to retaliation or worse.

22. Ms. Hetrick, stunned and frightened by the inquiry from her supervisor, heard the question, but avoided responding out of embarrassment and fear.

23. On one occasion, after Ms. Hetrick experienced and suffered through a panic attack at work, a representative of management of Defendant City of Bedford referenced her prior sexual assault and sardonically characterized her, as a consequence of the sexual assault, as "damaged."

24. Ms. Hetrick experienced extreme and severe emotional distress as a result of the actions of management.

25. In August 2019, Tucker asked Ms. Hetrick if she would be willing to work full-time as a probation officer instead of her then-part time duties.

26. Ms. Hetrick responded that she would be interested.

27. In the weeks that followed, Ms. Hetrick was informed that, unlike male employees who were promoted without any obligation to go through the formal application process, she would be required to go through the application process in order to be considered for the upgraded position.

28. On August 15, 2019, Ms. Hetrick submitted her application materials.

29. On September 3, 2019, Ms. Hetrick checked in with Tucker about the full-time position.

30. Tucker screamed at Ms. Hetrick, shouting "I don't know what you fucking want me to tell you . . . ."

31. Ms. Hetrick left without receiving any further information.

32. The profanity directed toward her was consistent with a history of lashing out at Ms. Hetrick for no reason.

33. No male employee was treated in a similar fashion.

34. On September 23, 2019, Ms. Hetrick entered Tucker's office to ask him about a fax left on her desk regarding an individual on probation who had tested positive on a drug test.

35. Ms. Hetrick was concerned because the probationer was being removed from a sober living facility as a consequence of the drug test failure.

36. Instead of recognizing the urgency of the situation, Tucker shouted at Ms. Hetrick in a loud and angry tone, "I will help you when I can."

37. Ms. Hetrick explained to her manager that she could not stay late that day and wanted to make sure the issue was resolved.

38. Ms. Hetrick returned to Tucker's office later in the day and again asked for help.

39. Tucker screamed at Ms. Hetrick that he would help when he could.

40. Ms. Hetrick emphasized the importance of the situation given the delicate nature of the probationer.

41. Tucker exploded, "What the fuck is wrong with you, you're fucking bi-polar."

42. Ms. Hetrick urged her manager to be professional toward her as he did not treat male colleagues in a similar abusive manner.

43. Tucker responded, "Fucking you, fuck you, fuck you, get the fuck out of my way, get the fuck out of my way."

44. Defendant Tucker then physically pushed Ms. Hetrick as he left.

45. Defendant Tucker knew that he had committed a battery.

46. Ms. Hetrick was left in shock and feared for her safety.

47. Conscious that his subordinate had been a victim of sexual assault, Defendant Tucker physically pushed Ms. Hetrick to demonstrate his position of male superiority and power.

48. Defendant Tucker knew that his physical abuse of Ms. Hetrick in the workplace would generate additional emotional damage to his subordinate.

49. In confirmation of his unbridled anger, Tucker screamed "I hate this fucking job" as he pushed Ms. Hetrick aside.

50. After committing the battery, Defendant Tucker left and did not return.

51. The next morning, September 24, 2019, Ms. Hetrick reported the physical assault and battery to the senior judge of the Bedford Municipal Court, the Honorable Brian J. Melling.

52. Ms. Hetrick explained to Judge Melling the hostile work environment to which she has been subjected culminating in the battery and physical assault by Defendant Tucker as her manager the day before.

53. Ms. Hetrick told Judge Melling that she was not comfortable talking with Thomas E. Day, Jr., the Bedford Municipal Court Administrator about the incidents because Mr. Day and Defendant Tucker were personal friends.

54. Judge Melling appeared to understand and sought to comfort Ms. Hetrick by informing her he would speak with Court Administrator Day.

55. Later the same day, September 24, 2019, the Court Administrator approached Ms. Hetrick and demanded to know why Judge Melling wanted to speak with him.

56. After Court Administrator Day spoke with Judge Melling, he returned and asked to meet with Ms. Hetrick.

57. Court Administrator Day is the superior official to Defendant Tucker.

58. Anticipating that the matter would be addressed and that she would be protected, Ms. Hetrick agreed to meet with the Court Administrator.

59. Ms. Hetrick detailed to Mr. Day the nature of the unceasing discrimination which culminated in the physical assault and battery by the court's manager.

60. Mr. Day responded by telling Ms. Hetrick that, if she and the manager could not work together, he would be forced to move her from her location at the court and put her in a spot in the Clerk of Court's office.

61.  Mr. Day treated Ms. Hetrick as if she had done something wrong by being the victim of a battery by the one of the City of Bedford's manager under Defendant Day.

62. The choice presented by Mr. Day, whose position was superior to that of Mr. Tucker, was obviously not viable because Ms. Hetrick would be unable to meet with her probationers in the clerk's office.

63. Ms. Hetrick could not perform her job duties from any other location made available by Court Administrator Day as she could not meet with individuals on probation in the clerk's office.

64. Defendant Day, on behalf of the Defendant City of Bedford, failed to take prompt, meaningful action and, despite the victimization of the Plaintiff, sent her back to work into the same environment where the battery occurred.

65. On or around September 30, 2019, upon arriving at work and enduring the work environment for over a week, Ms. Hetrick was then required to meet with

Defendants Court Administrator Day and her immediate boss, Mr. Tucker, together.

66. Mr. Day asked Ms. Hetrick how she was feeling about everything with her boss and she replied that her boss pushed her.

67. Mr. Tucker did not and could not deny the physical assault at battery in front of Mr. Day and Ms. Hetrick.

68. Ms. Hetrick honestly informed Mr. Day that she had been sick over the battery and had vomited numerous times because of being struck as well as the fear and stress over having to continue to work with Tucker.

69. Mr. Day informed Ms. Hetrick that everyone would do what they needed to do which failed to clarify the situation and obfuscated any kind of prompt, meaningful action because a probation officer had to meet with probationers.

70. Mr. Day informed Ms. Hetrick that he was being forced to move her office location solely because of her accusation instead of moving a manager who committed a battery in the workplace.

71. Ms. Hetrick informed Ms. Day she felt she was being punished for reporting her assault.

72. Mr. Day appeared to be unmoved by her recognition of workplace retaliation and insisted on her being moved.

73. With her remorseless boss and suffering from an order from Defendants Day, Defendant City of Bedford's top official in the system, Ms. Hetrick went to the

Bedford Police Department as she felt she needed to talk to an officer about the battery.

74. After waiting a few minutes, Hetrick was met by a few officers of the Bedford Police Department.

75. Ms. Hetrick explained that she needed to talk with someone and needed help because of the assault.

76. Ms. Hetrick explained what happened to the officers who stated they would go and speak with Court Administrator Day.

77. Ms. Hetrick left the Bedford Police Department, then inquired from the court administrator about the human resources department.

78. Mr. Day informed her with a smile that he was the human resources department.

79. Mr. Day then told her he was aware she went to the police department.

80. Mr. Day asked her to meet with him and with Tucker again.

81. At the meeting, Mr. Tucker and Mr. Day accused Ms. Hetrick of wrongdoing because they claimed she was in some way in Defendant Tucker's way when he tried to leave.

82. Tucker, again unrepentant, told Hetrick in front of Mr. Day, "I can't believe you are doing this to me."

83. Tucker stormed out without permission from his superior, Mr. Day.

84. When Ms. Hetrick tried to leave, Day shouted at her to "sit down."

85. To make a bad situation worse, later that day, Tucker sought to reduce the assault to triviality, asking her if she had even fallen down after he pushed her.

86. In a request that left Ms. Hetrick even more horrified, Defendant Tucker then asked Ms. Hetrick if they could "reenact" his pushing her.

87. Ms. Hetrick recoiled in horror at the suggestion and refused.

88. Tucker's reaction was one of sardonic humor.

89. Notwithstanding the directive from Mr. Day to be moved to the clerk's office, status quo was maintained.

90. On or around October 8, 2019, Mr. Hetrick was speaking with Tucker about a work issue.

91. As she walked out, Defendant Tucker threw his hands in the air and shouted, "I don't want you to accuse me of pushing you again."

92. Realizing that her fears and accusations were not being treated in any gravitas, Ms. Hetrick returned to the Bedford Police Department for help.

93. Ms. Hetrick was told at the front desk that the lieutenant on duty was on a call at the time.

94. After waiting, Ms. Hetrick checked back in with the front desk.

95. Ms. Hetrick was told her the lieutenant was handling another matter in the jail.

96. Ms. Hetrick left the police department.

97. But as she returned to her office, she witnessed the lieutenant speaking with Defendant Tucker.

98. Instead of speaking with Ms. Hetrick, the Bedford Police Department instead met with Tucker and others.

99. Just minutes later, after attempting to complain once again about being assaulted and harassed, Ms. Hetrick was summarily sent home "on leave."

100. Ms. Hetrick received no notice and no hearing of any wrongdoing.

101. Ms. Hetrick was told that she was not permitted to speak with anyone about Tucker and the incident.

102. Ms. Hetrick sought to show the lieutenant the video showing how Tucker committed a battery.

103. While the lieutenant refused to watch the video, he informed Ms. Hetrick that Tucker's actions constituted a "minor misdemeanor" and she could file the report against Tucker at a later time.

104. On or around October 9, 2019, Ms. Hetrick received a call from her Police Chief of the Village of Glenwillow, Ohio.

105. Ms. Hetrick serves as a part-time police officer for the village.

106. The Glenwillow Police Chief informed her that Bedford Court Administrator Thomas E. Day, Jr.  called him, informing him that Ms. Hetrick would "no longer be welcome" at the court to serve on Glenwillow's behalf.

107. As a direct result of Mr. Day's intervention, Ms. Hetrick was stripped of work shifts with the Glenwillow Police Department.

108. Since the September 23, 2019 assault by Defendant Tucker through October 21, 2019, Mr. Hetrick reported for work, was performing her job consistent with her obligations and remained working for the Defendants.

109. On October 21, 2019, Ms. Hetrick was called in and summarily fired without being given the opportunity to be heard.

110. Hetrick was fired because she exercised a protected right by seeking relief from her employer because her manager assaulted her and for the failure of the Defendants to take prompt, meaningful relief because of the pain and suffering arising out of the battery committed by her superior and the retaliation by her employer.

111. As a result of the acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford, Ms. Hetrick was stripped of her job and lost work opportunities at the Glenwillow, Ohio Police Department.

112. As a result of the acts and conduct of the Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered and continues to suffer because of the loss of her longstanding employment, opportunity for advancement, her salary, benefits, retirement and related matters.

113. As a result of the acts and conduct of Defendants Thomas E. Day, Jr. and City of Bedford, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

114. The acts and conduct of the Defendants Thomas E. Day, Jr. and the City of Bedford were intentional, reckless and in wanton and reckless disregard of the rights and feelings of plaintiff.

## COUNT I
### [Common Law Battery]

115. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

116. Ms. Hetrick was known by Defendant Rhys Tucker to have been a victim of a serious sex crime.

117. On September 23, 2019, Defendant Rhys Tucker, in a belligerent and aggressive manner, inappropriately and non-consensually pushed Ms. Hetrick.

118. Defendant Rhys Tucker intentionally or negligently caused offensive physical contact by pushing Ms. Hetrick.

119. Defendant Rhys Tucker either intentionally or negligently caused to injure Ms. Hetrick by making physical contact.

120. Defendant Rhys Tucker either intentionally or negligently sought to commit a battery in order to injure or create bodily harm to Ms. Hetrick.

121. As a result of the acts and conduct of Defendant Tucker, Ms. Hetrick has suffered and continues to suffer serious, genuine and consequential damages including, pain, suffering, emotional harm, mental distress and loss of quality of life.

122. The acts and conduct of the Defendant Tucker were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff.

## COUNT II
**[Violations of Procedural Due Process Ensured Under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States]**

123. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

124. Plaintiff Hetrick has been a public employee entitled to fundamental protections ensured under the Constitution of the United States.

125. Plaintiff Hetrick engaged in no wrongdoing in her public employment with the Defendant City of Bedford.

126. Defendants Thomas E. Day, Jr. and the City of Bedford summarily terminated the Plaintiff on October 21, 2019.

127. If Defendants Thomas E. Day, Jr. and the City of Bedford determined Ms. Hetrick engaged in violation of law and written policy between September 23, 2019 through October 21, 2019, they never provided to the Plaintiff a notice of charges for which they claimed constituted violations of law or policy and did not provide a pre-disciplinary process to which Ms. Hetrick was entitled.

128. If Defendants Thomas E. Day, Jr. and the City of Bedford determined Ms. Hetrick engaged in violation of law and written policy between September 23, 2019 through October 21, 2019, they never provided to the Plaintiff a notice of

charges for which they claimed constituted violations of law or policy and did not provide any opportunity to present evidence, cross-examine witnesses and otherwise defend against for whatever it was that Defendants fired Plaintiff.

129. Defendants knew the clear and unambiguous state of the law that Plaintiff had the right not be subjected to a physical assault.

130. Defendants knew the clear and unambiguous state of the law that Plaintiff had a right to complain about gender bias in the workplace.

131. Defendants knew the clear and unambiguous state of the law that Plaintiff had the right not to be retaliated against for complaining about an assault and gender bias in the workplace.

132. As a result of the acts and conduct of the Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered and continues to suffer in the loss of her longstanding employment, opportunity for growth, her salary, benefits, retirement and related matters.

133. As a result of the acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

134. The acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff.

## COUNT III
### [Violations of Title VII Based on Gender]

135. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

136. Plaintiff is a member of a protected class as a woman.

137. As the Plaintiff, Ms. Hetrick was harassed and bullied because she is a female.

138. Ms. Hetrick was harassed and bullied because she was a victim of sexual assault.

139. Ms. Hetrick was required to fulfill a higher set of standards to secure a fulltime position in the City of Bedford.

140. The differential of the standard was based on gender.

141. Ms. Hetrick was assaulted by her superior and reported her assault to her employer and to law enforcement.

142. Ms. Hetrick was treated differently by Defendants Thomas E. Day, Jr. and the City of Bedford after reporting her assault because of her gender.

143. Ms. Hetrick was treated by the Defendants Thomas E. day, Jr. and the City of Bedford as the perpetrator of wrongdoing instead of as the victim of assault and battery.

144. The differential in treatment was on account of gender.

145. Ms. Hetrick's employment was terminated on account of asserting a protected right as a woman.

146. As a result of the acts and conduct of the Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered and continues to suffer in the loss of her longstanding employment, opportunity for growth, her salary, benefits, retirement and related matters.

147. As a result of the acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

148. The acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff.

## **COUNT IV**
**[Retaliation Prohibited Under Title VII and the Ohio Civil Rights Act]**

149.  Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

150. Ms. Hetrick engaged in protected activity when she reported that she was assaulted by her boss, Rhys Tucker.

151. Defendant City of Bedford was aware of her protected activity as she reported the assault to Bedford Municipal Court senior Judge Brian J. Melling, Court

Administrator Thomas Day, Office of the Mayor of the City of Bedford and the Bedford Police Department.

152. After Ms. Hetrick reported the assault, her employment was terminated roughly one month later.

153. In his official capacity of the head of the court system in Bedford, Ohio, Thomas Day also contacted Ms. Hetrick's other employer, the Village of Glenwillow's Police Department and further damaged her by requiring the village to restrict her employment and limit her presence in the Bedford Municipal Court which has jurisdiction in matters involving Glenwillow.

154. A causal connection exists between Ms. Hetrick's complaint and Ms. Hetrick's reporting in the exercise of a protected right and the termination which she suffered.

155. As a result of the acts and conduct of the Defendant City of Bedford, Plaintiff has suffered and continues to suffer in the loss of her longstanding employment, opportunity for growth, her salary, benefits, retirement and related matters.

156. As a result of the acts and conduct of Defendant City of Bedford, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

157. The acts and conduct of the Defendant City of Bedford were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff.

## Count V
## [Violations of the Ohio Civil Rights Act, Ohio Revised Code R.C. §§ 4112.01 *et seq.*]

158. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

159. Ms. Hetrick is a member of a protected class as a woman.

160. Ms. Hetrick was harassed and bullied because she is a female.

161. Ms. Hetrick was harassed and bullied by her employer because she was a victim of a sexual assault.

162. Ms. Hetrick was required to meet a higher set of standards to secure a fulltime position because she is female.

163. Ms. Hetrick was assaulted by her superior and reported her assault.

164. Ms. Hetrick was treated differently after reporting her assault because of her gender.

165. Ms. Hetrick was treated by her employer as the perpetrator of wrongdoing instead of being acknowledged as the victim of management.

166. Ms. Hetrick's employment was terminated because she is a female employee who reported the assault of a male superior.

167. As a result of the acts and conduct of the Defendants Thomas E. day, Jr. and the City of Bedford, Plaintiff suffered in the loss of her longstanding employment, opportunity for growth, her salary, benefits, retirement and related matters.

168. As a result of the acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

169. The acts and conduct of the Defendants Thomas E. day, Jr. and the City of Bedford were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff.

### Count VI
**[Wrongful Termination in Violation of Public Policy]**

170. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

171. Plaintiff Kamea Hetrick was an excellent and successful employee who would have been otherwise retained her professional status as a probation officer for Defendant City of Bedford, Ohio except for her reporting of an assault based on gender committed by her superior, a manager for the Defendant.

172. A longstanding reality of violence against women has been acknowledged in the policies of the United States and the State of Ohio.

173. Those policies have committed the nation and the state to make violence against women a matter of statutory wrongdoing.

174. Prior to the incidents alleged, Ms. Hetrick was a victim of sexual assault.

175. American women have the right to feel safe and the right to report violence committed by men as part of a national and statewide policy.

176. Both the nation's policy against violence suffered by woman and a statewide policy ensures the right of American woman to exercise the protected right to file or report acts of violence.

177. The policies offering aid for victims of violence against women on both the federal and state levels have been assigned significance of highest priority.

178. Ms. Hetrick was terminated because male superiors perceived her as unable to "get along" with a boss who assaulted her.

179. Ms. Hetrick's employer told her that, as a result of her being a victim of sexual assault, she was considered as "damaged goods."

180. Ms. Hetrick was terminated in violation of the public policy which encourages women to report men who assault them.

181. Ms. Hetrick had the right to feel safe in doing so.

182. The acts and conduct of Defendants Thomas E. Day, Jr. and the City of Bedford interfered, obstructed and diminished a strong public policy which encourages the prohibition and reporting of assaults against women.

183. The termination of Ms. Hetrick jeopardizes and compromises the vital public policy of women feeling safe reporting assaults committed by men and especially committed by those of men positions of power and authority.

184. Defendants' only basis for Plaintiff's termination was her attempt to have reported and/or to have attempted to report her assault and failing to take prompt, meaningful action against the perpetrator, a manager hired by Defendants, after his assault of the Plaintiff.

185. Termination of the Plaintiff from employment by the Defendants contravenes the commitment to a policy of the United States and the State of Ohio in advancing the safety and well-being of women.

186. No legitimate basis existed for Defendants to terminate Plaintiff's employment.

187. The acts and conduct of Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of the Plaintiff.

188. Ms. Hetrick has sustained significant emotional injuries arising out of the Defendants' unlawful practices and arising out of Defendants' termination of her employment.

189. Plaintiff has suffered substantial loss as a result of Defendants' actions.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. Declare that the acts and conduct of the Defendants constitutes violations of Plaintiff's right not to be subjected to a common law battery, for violation of public policy against violence against women, violation of procedural due process ensured under the Fourteenth Amendment to the Constitution of the United States, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended (2020 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*;

B. Grant to the Plaintiff and against Defendants a permanent injunction enjoining Defendants, their officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in any employment practices which discriminate on the basis of gender;

C. Order Defendants to institute and to otherwise carry out policies practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendants to make whole Plaintiff by providing appropriate back pay with prejudgment interest and for other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Grant to Plaintiff and against all Defendants, jointly and severally, appropriate compensatory damages;

F. Grant to Plaintiff and against Defendants Tucker and Day, jointly and severally, punitive damages;

G. Award to Plaintiff and against Defendants costs in this action including reasonable attorney fees as provided by statute;

H. Grant such further relief as the Court deems just, equitable and in advance of the public interest.

/s/ Jared S. Klebanow
JARED S. KLEBANOW (0092018)
KLEBANOW LAW, LLC
850 Euclid Ave. Ste. 701
Cleveland, Ohio 44114
T: 216-621-8230
jklebanow@klebanowlaw.com

*Attorney for Plaintiff*

/s/ Avery Friedman
AVERY FRIEDMAN (0006103)
AVERY FRIEDMAN & ASSOCIATES
850 Euclid Ave. Ste. 701
Cleveland, Ohio 44114-3358
T: (216) 621-9282
avery@lawfriedman.com

*Attorney for Plaintiff*

## TRIAL BY JURY DEMANDED

Plaintiff Kamea Hetrick hereby demands trial by jury.

/s/ Avery Friedman
Avery Friedman